# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

**ARIELLE BRENGLE,**

    *Plaintiff,*

v.

**KNOX COUNTY, TENNESSEE,
and the KNOX COUNTY
BOARD OF EDUCATION.**

    *Defendants,*

Civil Action No: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Comes the Plaintiff, by and through under-signed counsel, and for a cause of action would state as follows:

## PARTIES

1. Plaintiff, Arielle Brengle, is a citizen and resident of the State of

2. Defendant Knox County, Tennessee is a duly authorized subdivision of said State and may be served with process through the Knox County Attorney.

3. Defendant Knox County Board of Education is a subdivision of Defendant Knox County which may likewise be served with process through the Knox County Attorney.

4. This Court has jurisdiction and venue over Plaintiff's claims brought pursuant to Title 42 of the United States Code section 1983-1988. See 28 U.S.C. §§ 1331, 1343(a)(3); accord Title 9 of the Civil Rights Act as amended.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to Title 28 of the United States Code section 1367.

6. Venue exists in this Court pursuant to Title 28 of the United States Code section 1391.

## FACTS/BACKGROUND

7. Plaintiff, who was born on July 28, 2003, was a student at South Doyle High School in Knox County, Tennessee during all period of time relevant to this Complaint. Further, all allegations contained within this Complaint occurred within said County, at the very least, on information and belief.

8. While in her junior year of school and while being 16 years of age, the Plaintiff was accosted and assaulted in the halls of said school while attempting to go to her class by a male student.

9. Plaintiff at some point, through her cries for help, was approached by the teacher in whose class her presence was required and expected.

10. At that point, said teacher, who was also her cheerleader coach, and who was infinitely familiar with not only Plaintiff but the male student, as he was a prominent member of said school's football team, personally witnessed said male student strike Plaintiff, on two occasions, and at no time did she endeavor the prevent or alleviate said assault and harm.

11. Later that same day, Plaintiff was taken to the principal's office where as conflabe was held and parlay was performed between the principal, certain Sheriff's deputies, and others, including, but not limited to, the football coach—wherein a statement was made by one of the attendees to said conflabe, which responding to a parol inquiry during the parlay, "Not again!"

12. Upon information and belief, the principal and or other senior members of his staff, including, but not limited to, certain Sheriff's deputies, the football coach, and others, had actual prior knowledge of said male student, football player's prior acts against, upon information and belief, other minor female students, yet none of them took any action sufficient to correct said prior actions or prevent future harm to other minor female students.

13. Upon information and belief, the prior actions of said male student, known to the principal or which should have been known to him and his underlings, constitutes sufficient prior knowledge to have thereafter required remedial action in order that no future female student would be harmed as a result of the football player's clear proclivities to commit severe and significant harm and damages to female students.

14. Thereafter, certain disciplinary actions were taken by said school against said player, thereby, constituting an acknowledgement the same occurred and should the same be denied, further constituting a basis for the applicability of the common law doctrine of equitable estoppel.

15. At some point thereafter, and during Plaintiff's senior year in said school, said teacher, as noted hereinbefore, see, supra, made Plaintiff, during a cheerleading

practice, perform a stunt with numerous other girls who were not appropriately trained to perform the same.

16. As a result, Plaintiff was severely injured.

17. The immediately foregoing incident constitutes First Amendment retaliation for the Plaintiff complaining against the male student.

18. At all times material hereto, these Defendants were responsible for the students in their schools and the conduct of all of their employees, including the principal and all other non-specifically named individuals herein.

19. Therefore, Plaintiff sues these Defendants pursuant to 42 U.S.C. section 1983 et seq. for a violation of her civil rights and specifically, although not limited to the same, rights guaranteed to her under Title 9 as noted hereinabove as well as her rights secured and guaranteed, as interpreted by the federal common law of this Republic, pursuant to the First Amendment to the Constitution of the United States.

20. Pursuant to 28 U.S.C. section 1367, Plaintiff hereby brings an action pursuant to the TGTLA against these Defendants for their employees' negligence resulting in the damages to her complained of herein, which include, inter alia, severed mental and emotional anguish, personal injury and economic loss (past, present and future).

21. Plaintiff therefore sues these Defendants for the reasons set forth herein and would seek 3 million dollars as her ad damnum.

22. Plaintiff's claims are timely as the statute of limitations applicable to this action is tolled during the period of Plaintiff's minority.

23. Finally, Plaintiff would seek her actual and discretionary costs, her attorneys' fees, and whatever equitable or further relief to which she may be entitled. She would also request this Court empanel a federal jury to try this cause.

Respectfully submitted, this the 28th day of July 2022.

/s. Darren V. Berg
Darren V. Berg - 023505
PO Box 453 Knoxville, TN 37901
(865) 773-8799
dberglawfirm@gmail.com