UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ARIELLE BRENGLE, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:22-cv-259 |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Poplin |
| KNOX COUNTY SCHOOL SYSTEM, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER TO SHOW CAUSE

This action was filed on July 28, 2022. [Doc. 1]. On November 10, 2022, counsel for both defendants made appearances and filed Motions to Dismiss for Failure to State a Claim. [Docs. 12 and 14]. The Plaintiff did not respond to either Motion to Dismiss, and it is unclear if the parties did confer before returning the Notice of Nonconsent on December 16, 2022.[1] [Doc. 16].

When a Plaintiff fails to respond to a Motion to Dismiss, Sixth Circuit precedent supports rendering any subsequent objections to the motion waived for want of prosecution. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 332 (6th Cir. 2008) (holding that a plaintiff's failure to respond to a motion to dismiss warrants any appeal on the merits of the decision waived); *Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) ("It is an established principle of law that a district court may properly dismiss a plaintiff's case for want of prosecution. Similarly, if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citations omitted)); *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) ("A plaintiff must oppose a defendant's motion

---

[1] The Notice of Nonconsent entered in the docket by Knox County Board of Education and Knox County, Tennessee does not have signatures from any party.

to dismiss or otherwise respond or he waives opposition to the motion."). However, in *Carver v. Bunch* the Sixth Circuit held that a district court abused its discretion in dismissing a plaintiff's claims solely because the plaintiff failed to respond to the defendant's motion to dismiss for failure to state a claim. *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991). The court there reasoned that such a dismissal was akin to a dismissal for failure to prosecute, and thus, governed by the standard set forth in Rule 41 of the Federal Rules of Civil Procedure. *Id.* Accordingly, Plaintiff will be afforded an opportunity to explain her failure to respond before this matter is dismissed.

Plaintiff is therefore **ORDERED** to show cause in writing, on or before **June 2, 2023**, why her claims should not be dismissed. Plaintiff is put **ON NOTICE** that failure to timely file a response showing good cause will result in the dismissal of this action based on the Motions to Dismiss.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE