# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ARIELLE BRENGLE, | ) |
| *Plaintiff*, | ) Case No. 3:22-cv-259 |
| | ) Judge Atchley |
| v. | ) |
| | ) Magistrate Judge Poplin |
| KNOX COUNTY, TENNESSEE, *et al.*, | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on the Motion to Dismiss for Failure to State a Claim [Doc. 12] by Knox County Board of Education and the Motion to Dismiss for Failure to State a Claim [Doc. 14] by Knox County, Tennessee. For reasons that follow, those Motions [Docs. 12 & 14] will be granted and this action will be **DISMISSED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Arielle Brengle filed her Complaint [Doc. 1] against Knox County Board of Education and Knox County, Tennessee, on July 28, 2022. In her Complaint, she alleges that she was assaulted by a male student while a student at South Doyle High School in Knox County, Tennessee. [*Id.* at ¶¶ 8, 10]. She was in her junior year of high school and 16 years old at the time, though the date of the incident is not alleged. [*Id.* at ¶ 7]. Plaintiff alleges that she cried for help and one of her teachers, who was also her cheerleading coach, approached. [*Id.* at ¶ 9]. The teacher was allegedly familiar with the Plaintiff and the male student, who was a member of the school's football team. [*Id.* at 10]. She alleges that the teacher saw the male student strike Plaintiff twice and did not try to stop or prevent the assault. [*Id.*].

Plaintiff alleges that later that day, she was taken to the principal's office "where as conflabe was held and parlay was performed between the principal, certain Sheriff's deputies, and others, including, but not limited to, the football coach – wherein a statement was made by one of the attendees to said conflabe, which responding to a parol inquiry during the parlay, 'Not again!'" [*Id.* at ¶ 11] (errors original).

Plaintiff alleges that the principal "and or other senior members of his staff, including, but not limited to, certain Sheriff's deputies, the football coach, and others" knew about "prior acts against . . . other minor female students" by this male student. [*Id.* at ¶ 12]. Plaintiff alleges none took action to prevent future harm to other minor female students. [*Id.*]. On the basis of this knowledge of "prior acts" by the male student, Plaintiff alleges the principal was obligated to take action to prevent harm to other female students "as a result of the football player's clear proclivities to commit severe and significant harm and damages to female students." [*Id.* at ¶ 13]. According to the Complaint, the male student was subject to disciplinary action, seemingly based on Plaintiff's complaint to the school. [*Id.* at ¶ 14].

Plaintiff alleges that in her senior year (the next school year), the same teacher who allegedly witnessed the assault made Plaintiff perform a stunt in cheerleading practice with other girls who were not appropriately trained to perform it. [*Id.* at ¶ 15]. She does not explain what happened, but alleges she was severely injured. [*Id.* at ¶ 16]. She alleges this constitutes retaliation for her reporting the assault by a male student in her junior year. [*Id.* at ¶ 17].

Based on these allegations, Plaintiff "sues these Defendants pursuant to 42 U.S.C. section 1983 et seq. for a violation of her civil rights and specifically, although not limited to the same, rights guaranteed to her under Title 9 as noted hereinabove as well as her rights secured and guaranteed, as interpreted by the federal common law of this Republic, pursuant to the First

Amendment to the Constitution of the United States." [*Id.* at 19]. She also brings claims under the Tennessee Governmental Tort Liability Act ("TGTLA") against Defendants for the negligence of their employees. [*Id.* at ¶ 20]. She seeks damages in an amount of $3 million. [*Id.* at ¶ 21].

Defendants Knox County and Knox County Board of Education filed Motions to Dismiss [Doc. 12 & 14] on November 10, 2022. Plaintiff did not respond. So, on May 25, 2023, the Court ordered Plaintiff to show cause in writing, on or before June 2, 2023, why her claims should not be dismissed. [Doc. 17]. The Court entered this Order based on Sixth Circuit precedent that "instructs that where the adverse party has not responded to a motion to dismiss, the district court must consider the evidence presented and make a determination accordingly." *Green v. City of Southfield, Michigan*, 759 F. App'x 410, 417 (6th Cir. 2018) (no abuse of discretion where the Court carefully considered the allegations and issued an Order to show cause after plaintiff's response deadline passed).

However, Plaintiff's counsel of record was suspended from practice in this District. The Court nonetheless ordered him to provide Plaintiff with a copy of the Court's Order. [Doc. 18]. That Order was inadvertently sent to the wrong address, so it was resent on June 27, 2023, to counsel's last known address of record. [Doc. 21]. The Order directed Plaintiff's counsel to provide Plaintiff with a copy of the Order and ordered Plaintiff to file a notice stating whether she had obtained new counsel or intended to proceed pro se. [*Id.*]. Over two months have passed since that Order and Plaintiff has not filed anything in her case. In addition, the most recent Order [Doc. 21] has not come back as undeliverable, unlike prior filings [Docs. 19 & 20].

**II. STANDARD OF REVIEW**

On a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the

3

plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (internal quotations omitted). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS

Construing the allegations in the light most favorable to the Plaintiff, the Court reads the Complaint as asserting a First Amendment retaliation claim, a Title IX claim for student-on-student harassment, and a negligence claim under the TGTLA. [Doc. 1 at ¶¶ 17, 19 & 20]. No other constitutional provisions or substantive federal violations are mentioned in the Complaint.

To the extent Plaintiff seeks to assert a Due Process claim, the Court observes that the allegations of the Complaint are insufficient to state a claim for state-created danger. This requires the plaintiff to establish: (1) an affirmative act taken by an official which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) the risk of harm was a "special danger" to the plaintiff, as distinguished from a risk that affects the public at large; and (3) the official acted with a sufficiently culpable mental state when exacerbating the risk of harm. *Jane Doe v. Jackson Local Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 932 (6th Cir. 2020)

(internal citations omitted); *Lipman v. Budish*, 974 F.3d 726, 744 (6th Cir. 2020) (citing *Cartwright v. City of Marine City*, 336 F.3d 487, 493) (6th Cir. 2003)). None of those elements are satisfied by the allegations of the Complaint.

### a. Positions of the Parties

Defendant Knox County Board of Education ("KCBOE") moves to dismiss Plaintiff's Complaint for failure to state a claim. [Doc. 12]. KCBOE first argues that the Complaint fails to satisfy the requirement of Rule 8 that pleadings afford the defendant fair notice of the plaintiff's claim and the grounds on which it rests. [*Id.* at 3]. KCBOE notes that the Complaint does not articulate what accident she allegedly suffered in cheerleading practice, when the incident occurred, where it occurred, or who the teacher/coach was that oversaw the practice. An unspecified "severe injury" is alleged, but the nature injury or how it happened is not alleged.

KCBOE next argues that Plaintiff's § 1983 claims must be dismissed for failure to state a claim. [*Id.* at 3]. KCBOE argues Plaintiff's claims are implausible and consist of only conclusory allegations. In particular, KCBOE notes that there are no factual allegations in the Complaint which could support a finding of municipal liability as to Plaintiff's First Amendment claim and no allegations of sex-based discrimination to support a claim for Title IX discrimination and retaliation.

Knox County also filed a Motion to Dismiss. [Doc. 14]. The County argues that KCBOE, not Knox County, is the proper party to this action, as the Complaint contains no allegations that a decisionmaker or employee of Knox County took any actions that injured Plaintiff or violated her rights, and makes no allegations about school funding.

### b. Claims Against Knox County

First, Knox County is not a proper party to this lawsuit and will be dismissed. "In

5

Tennessee, school systems operate separately from the county governments." *Rollins v. Wilson Cnty. Govt.*, 154 F.3d 626, 627 (6th Cir. 1998) (rejecting employee's attempt to aggregate time worked for school system and county government for FMLA eligibility purposes). While county governments approve the school system's funding, "different officials administer each entity." *Id.* And a "county school board and superintendent manage the school system without input from other county officials." *Id.*

While Plaintiff alleges that "certain Sheriff's deputies" were present in a meeting following her alleged assault, she does not make any allegation that they deprived her of a constitutional or federal right. She alleges that "[u]pon information and belief," the principal and "members of his staff, including . . . certain Sheriff's deputies" were aware that her attacker had taken "acts against" other minor female students but failed to take preventative action. Obviously, Sheriff's deputies are not members of a school principal's staff. And Plaintiff was not under the supervision or care of the Knox County Sheriff's Office. Municipalities do not have a generalized duty to prevent harm by third parties. *See Stiles ex rel. D.S. v. Grainger Cnty., Tenn.*, 819 F.3d 834, 853 (6th Cir. 2015) (recognizing that a State generally has no obligation to protect the life, liberty, or property of its citizens from invasion by private actors). The officers' presence at a meeting and alleged knowledge of past conduct by Plaintiff's alleged assailant is no basis to impose liability on the County. Moreover, there are no allegations regarding a policy or custom of the County that caused any harm to Plaintiff.

### c. First Amendment Claim

Plaintiff does not assert any claims against a specific individual; her claims are only against KCBOE and Knox County. Nor does she assert a claim against any individual in their "official capacity." Accordingly, Plaintiff may only proceed against KCBOE on her First Amendment claim

6

Case 3:22-cv-00259-CEA-DCP   Document 22   Filed 08/31/23   Page 6 of 10   PageID #: 69

under the theory that an official policy or custom caused the violation of her rights.

"A municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, *solely* because it employs a tortfeasor." *Wright v. City of Euclid*, 962 F.3d 852, 879 (6th Cir. 2020) (cleaned up) (*quoting D'Ambrosio v. Marino*, 747 F.3d 378, 389 (6th Cir. 2014)). Instead, the plaintiff must show that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* (*quoting Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)).; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) ("Rather, [plaintiff] must show that the School Board *itself* is the wrongdoer.").

A plaintiff can make such a showing by establishing the existence of a municipal policy or custom that caused the violation of her rights. *Id.; Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A policy or custom may be established in four ways:

> [T]he plaintiff may prove "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."

*Wright*, 962 F.3d at 880 (*quoting Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019)).

After careful review of the Complaint, that Court finds no allegations to support a finding of municipal liability under any theory. Plaintiff's contention is that she was retaliated against for reporting the misconduct of a fellow student in violation of her First Amendment rights.[1] There is no indication in the Complaint that this alleged retaliation was pursuant to an official policy, that it was ratified by an official with final decision making authority, that the teacher who allegedly retaliated against her was improperly trained or supervised, or that KCBOE has a custom of tolerance to federal rights violations. To the contrary, Plaintiff affirmatively alleges that KCBOE

---

[1] While Plaintiff alleges that Defendants knew of the male student's "prior acts" against other students and failed to take appropriate action, the only constitutional claim she asserts is for deprivation of her First Amendment Rights.

7

took disciplinary action against the student who assaulted her. [Doc. 1 at ¶ 14]. Her Complaint never mentions a policy or custom of KCBOE or deliberate indifference.

While the Court is "obliged to protect a viable cause of action that a plaintiff has in fact raised," it is not obligated to "scour the record or make a case for a party who has failed to do so on his own behalf." *Shorts . Bartholomew*, 255 F. App'x 46, 50 (6th Cir. 2007). The Complaint makes no factual allegations that suggest Plaintiff suffered a deprivation of her First Amendment rights due to the existence of a policy or custom of KCBOE.

### d. Title IX Claim

Plaintiff's Complaint asserts a Title IX claim, though the nature of her claim is not clear. Construing the allegations in the light most favorable to Plaintiff as the non-moving party, the Court understands Plaintiff to be asserting a claim for student-on-student harassment under Title IX.

Title IX prohibits discrimination on the basis of sex in any education program receiving federal funding. *Doe ex rel. Doe #2 v. Metro. Govt. of Nashville & Davidson Cnty.*, 35 F.4th 459, 463 (6th Cir. 2022). A school may be liable under Title IX for subjecting students to discrimination when the school is deliberately indifferent to known acts of student-on-student sexual harassment and the harasser is under the school's disciplinary authority. *Id.* (quoting *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 646-47 (1999)). To state a *prima facie* case of student-on-student harassment, the plaintiff must allege: (1) sexual harassment that is so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of the educational opportunities or benefits provided by the school; (2) the school had actual knowledge of the sexual harassment; and (3) the school was deliberately indifferent to the harassment. *Id.*

The Sixth Circuit has further required "that the school have actual knowledge of some actionable sexual harassment and that the school's deliberate indifference to it resulted in *further* actionable harassment of the student-victim." *Id.* at 463-64. "[T]he further harassment must be inflicted against the same victim." *Id.*

Plaintiff's allegations are insufficient to state a *prima facie* case of sexual harassment. First, it is not at all clear that she suffered sex-based or sexual harassment as opposed to a non-sex-based assault by another student. Second, she alleges she was assaulted only once. Callous as it may sound to speak of a high school student being assaulted "only once," the Sixth Circuit has made clear that "further harassment" is required to state a claim for student-on-student sexual harassment under Title IX. Nor does Plaintiff claim or even mention deliberate indifference. She alleges, at most, that the school knew of the male student's actions and did nothing to prevent him from inflicting further harm. And again, Plaintiff acknowledges that the male student was disciplined by the school after her report. Finally, to the extent Plaintiff seeks to assert a Title IX claim under some other theory, she alleges no sex-based discrimination or retaliation.

e. **State Law Claims**

The Court may decline to exercise supplemental jurisdiction over state law claims after it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Because all Plaintiff's federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims for negligence under the TGTLA will be **DISMISSED WITHOUT PREJUDICE.**

### f. Failure to Prosecute

Finally, the Court notes that Plaintiff has failed to respond to any of the show cause Orders entered by the Court. Plaintiff filed this case through counsel and, through no fault of her own, lost representation due to her attorney's suspension from practice in this District. Nonetheless, the Court has no mailing address for Plaintiff and she has made no *pro se* filings in this case. "It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. Loc. R. 83.13. Despite the unusual circumstances, Plaintiff no longer has counsel in this matter and has made no effort to represent herself for many months. While the Court finds that Defendants' motions to dismiss must be granted, in the alternative, this action is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### IV. CONCLUSION

Accordingly, Motion to Dismiss for Failure to State a Claim [Doc. 12] by Knox County Board of Education and the Motion to Dismiss for Failure to State a Claim [Doc. 14] by Knox County, Tennessee are **GRANTED**. Plaintiff's Title IX and First Amendment claims are **DISMISSED WITH PREJUDICE** and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE